## ARCHIBALD W. BEERS v. CHARLES M. PAYMENT.

*Libel and slander—Evidence—Cross-examination—Trial.*

1. It is error for the court to exclude a question, put to a witness
   on cross-examination, on the ground that he has been over the
   matter inquired about on his direct examination; citing *Zucker
   v. Karpeles*, 88 Mich. 413, 424.
2. Where a witness for the defendant in a slander suit testifies on
   cross-examination to having conversed with the plaintiff and
   his wife in regard to the conduct claimed to have been the
   occasion for the alleged slanderous statements, the further
   inquiry whether the plaintiff and his wife had not learned that
   the witness had been talking to the defendant about them,
   and came up to find out if it was so, is not objectionable.
3. It is not improper for the trial court, under some circumstances,
   and upon its own motion, to reject incompetent or immaterial
   testimony.

Error to Wayne.    (Reilly, J.)    Argued March 9, 1893.
Decided April 7, 1893.

Case for slander. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Sloman, Moore & Duffie,* for appellant.

*William Look* and *H. F. Chipman,* for defendant.

GRANT, J. The slander alleged in this case is that defendant said to one Tressa Ehlert:

"You will soon have a kid of your own. You are in the family way by Archie Beers [meaning the plaintiff]. You were in the shavings with Archie Beers until 10 or 11 o'clock."

Defendant pleaded the general issue. He denied using the language stated, and testified that he said to her:

"My little girl, unless you mend your ways, before a great while you may have one of your own."

The conversation was occasioned by Miss Ehlert going to the shop where defendant was at work, and carrying in her arms her nephew, a baby. The shop was owned by William R. Beers, the brother of plaintiff. He had had several girls in his employ, among whom was Miss Ehlert. Several of the witnesses either were or had been employés of William R. Beers.

The defendant introduced evidence tending to show that plaintiff and Miss Ehlert were alone in one of the shop rooms one evening till between 9 and 10 o'clock, and that they were seen in a compromising position, which defendant claims was the occasion for the remark made to her. Plaintiff and Miss Ehlert testified that they went there to get the pay that was due them. This testimony was elicited upon cross-examination by defendant's counsel. On redirect examination, Mr. Sloman, plaintiff's counsel, sought to show how much was due and how long it had been due. This testimony was excluded. The fact that plaintiff and Miss Ehlert asked for their pay on the night

in question, that something was due them, and that Mr. Beers refused payment, is conclusively shown by the testimony of Mr. Beers himself. It was entirely immaterial how much was due, or how long it had been due.

William R. Beers, a witness for the defendant, had testified on direct examination to the conversation between defendant and Miss Ehlert. On cross-examination plaintiff's counsel, referring to this conversation, asked: "Just tell what he said to her, and what she said in reply." The court, on its own motion, excluded the question on the ground that the witness had been over it before on direct examination. This was error. *Zucker v. Karpeles,* 88 Mich. 413. The reason for the admission of such testimony is stated upon page 424 of that case.

A witness for the defendant, Miss Shetler, testified on cross-examination that she had conversed with plaintiff and his wife in regard to plaintiff's alleged conduct with Miss Ehlert. Plaintiff's counsel then asked her:

"They had learned that you had been talking to Payment about them, and they came up there to find whether it was so; isn't that it?"

No objection was made to this question, but the court said, "She has not said anything of the kind, and you have no right to put words into her mouth which she has not said," and excluded the evidence. We see nothing objectionable in the form of the question. It was proper cross-examination, and should have been admitted.

We are not to be understood as holding that a court should not, under some circumstances, upon its own motion, reject incompetent or immaterial evidence.

For these errors the judgment must be reversed, and a new trial granted.

The other Justices concurred.